UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STAR INSURANCE COMPANY, a
Michigan corporation, and SAVERS
PROPERTY & CASUALTY INSURANCE
COMPANY, a Missouri corporation,

              Plaintiffs,              Case No. 04-72289

vs.

                                     HONORABLE ARTHUR J. TARNOW
                                     HONORABLE STEVEN D. PEPE

UNITED COMMERCIAL INSURANCE
AGENCY, INC., an Arizona corporation,

              Defendant,

vs.

MEADOWBROOK INSURANCE GROUP, INC.,

              Third-Party Defendant.

_____/

## OPINION GRANTING IN PART DFENDANT'S MOTION TO COMPEL (DKT. # 26) AND MOTION TO COMPEL DEPOSITIONS (DKT. # 35)

       Defendant's motions were referred to the undersigned for hearing and determination pursuant to 28 U.S.C. 636 (B)(1)(a). Following a telephonic hearing and a review of the parties' briefs, and for the reasons stated on the record and below, IT IS ORDERED that Defendants motions are GRANTED IN PART.

       The parties have agreed to hold in abeyance the resolution of those discovery requests which seek information related to the issue of United's fraud claims until Judge Tarnow has ruled on Meadowbrook's objections to Magistrate Judge Pepe's order allowing United to amend its counter-complaint to add the fraud claims.

       With respect to the remaining claims, the parties have resolved many of the outstanding

claims in a stipulated order that will be filed at or around the same time as this order.  The few remaining claims are resolved as follows:

1)  On or before December 5, 2005, Meadowbrook shall respond to Interrogatory No. 19 by providing United with the name(s) of the person(s) responsible for creating the "loss run calculations" produced in response to other discovery requests.

2) Document Request Nos. 67 and 68 sought Meadowbrook's employee personnel files and, even though United agreed to limit this to those employees that Meadowbrook sought to call as witnesses at trial, this request is denied without prejudice at this time since it is determined to be too broad.  It is noted that if United's expert witness reviews Meadowbrook's claims history and discovers a discrepancy in the adjustment practices of an employee or department Plaintiff's motion may be re-entertained.

3)  The parties have agreed that Meadowbrook shall respond to Document Request Nos. 87 and 100, on or before December 5, 2005, by producing all communications/documents between Meadowbrook and any third-party that had claims handling responsibilities under the Compass Program relative to the Compass Program, and all documents evidencing any communications between Meadowbrook and any third-party administrator, relative to the Compass Program.

4)  The depositions of Merton Segal, Laura Segal and any Fed. R. Civ. P. 30(b)(6) designinee(s), shall take place on or before December 15, 2005.  The witnesses will not be questioned with regard to the issue of the fraud claims.

SO ORDERED.

Dated: November 23, 2005                     s/Steven D. Pepe_____
Ann Arbor, Michigan                          United States Magistrate Judge

2

<u>Certificate of Service</u>

I hereby certify that copies of this Order were served upon the attorneys of record by electronic means or U. S. Mail on November 23, 2005.

<u>s/William J. Barkholz</u>
Courtroom Deputy Clerk